**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-60838
Summary Calendar

JOHN JOSEPH VACCARO,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; U.S. MARSHAL SERVICE,
Biloxi, MS; JOE PRICE, Sheriff,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CV-7RR

August 28, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Joseph Vaccaro, federal prisoner # 22940-048, appeals the district court's grant of

summary judgment for the defendants in his pro se civil rights suit. Vaccaro argues that he received

inadequate medical care while he was housed at the Harrison County Detention Facility. Defendant

Price submitted records pertaining to Vaccaro's transfer to the jail and his medical treatment while

there. One such record, entitled "Medical Record of Federal Prisoner in Transit," issued by the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Federal Bureau of Prisons, indicates that Vaccaro was to be assigned to a lower bunk. The same form lists several medications prescribed for Vaccaro. A medical screening form given to Vaccaro by the jail indicates that Vaccaro was taking medication for heart disease and arthritis, that he had a history of tuberculosis, and that he had other unspecified medical problems.

Vaccaro argues that there is a genuine issue of material fact as to whether Sheriff Joe Price, by allegedly assigning Vaccaro to an upper bunk, was deliberately indifferent to Vaccaro's medical needs. We have reviewed the record and conclude that Vaccaro's theory of recovery boils down to a claim of vicarious liability, one that we have rejected in a § 1983 action. Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 534 (5th Cir. 1997). Vaccaro does not even make a bare-bones allegation anywhere in his pleadings or in his summary judgment evidence that Sheriff Price somehow knew that Vaccaro would be assigned to an upper bunk. Summary judgment in favor of Sheriff Price was therefore properly granted.

As to Vaccaro's allegation that the jail denied him dental care for a broken tooth, a broken tooth cannot be characterized as a "serious medical need" that would trigger Eighth Amendment protection. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, summary judgment for Sheriff Price on Vaccaro's broken-tooth claim was appropriate.

Vaccaro argues that the jail denied him access to the law library and forms to address this issue. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993) (footnotes omitted). A prisoner must show actual injury to prevail on an access-to-courts claim based on denial of library access. Lewis v. Casey, 116 S. Ct. 2174, 2179

(1996).  Vaccaro made no claim in the district court that he suffered any particular injury by being denied access to the law library.  Summary judgment for Sheriff Price on this issue was therefore proper.

Finally, Vaccaro argues that the United States Marshal Service ("USMS") is liable for damages under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), because it was aware of critical medical conditions and rest rictions when he was housed at the jail and because he experienced a delay in obtaining a neurological examination.  The USMS, however, is not a suable entity.  Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995).  Nor is Vaccaro's Bivens-type claim against an agency actionable.  Moore v. United States Dep't of Agriculture, 55 F.3d 991, 998 (5th Cir. 1995).  The USMS is entitled to summary judgment as a matter of law.  GATX Aircraft Corp. v. M/V COURTNEY LEIGH, 768 F.2d 711, 714 (5th Cir. 1985).

Accordingly, the district court's summary judgment in favor of the defendants is affirmed in all respects.

AFFIRMED.